IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Donna Boyd, | ) | |
| | ) | C/A No. 6:18-576-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Charles B. Simmons, Jr.; | ) | |
| J. Chris Brown; Eric Hedrick; | ) | |
| John B. Kelchner; Lakeview | ) | |
| Loan Servicing, LLC; and | ) | |
| Townes at Pelham Owner's | ) | |
| Association, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Donna Boyd, proceeding pro se, filed this action alleging her due process rights have been violated. (Am. Compl., ECF No. 6). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report") recommending that this action be summarily dismissed without prejudice and without issuance and service of process based upon lack of subject matter jurisdiction. (ECF No. 11). Plaintiff timely filed objections to the Report on April 2, 2018. (ECF No. 15 and 16).[1]

The recommendation set forth in the Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions

---

[1] The objections were due on March 31, 2018 (ECF No. 11), but as March 31st was a Saturday, Plaintiff had until Monday, April 2, 2018, to file her objections.

of the Reports to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge determined that Plaintiff's claims would call into question the validity of the state court proceedings and judgment, and, therefore, found that the court lacks subject matter jurisdiction over them pursuant to the *Rooker-Feldman* doctrine. *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002) (recognizing "the *Rooker-Feldman* doctrine is jurisdictional" and a court is "obliged to address it before proceeding further in [its] analysis"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[2] Reviewing her objections, Plaintiff does not specifically object to the Magistrate Judge's conclusion that this court lacks subject matter jurisdiction over this action. *See Diamond & Camby, supra* (stating that absent a specific objection, the Court need only review the R&R for clear error and need not give reasons for adopting it). Instead, Plaintiff rehashes and supplements the allegations in her complaint. Plaintiff's objections, however, provide no basis for this court to

---

[2]*D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

deviate from the Magistrate Judge's recommended disposition.

As the Magistrate Judge noted (Report at 4), the Supreme Court has made clear that "federal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'" *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196-98 (4th Cir. 2002) (*quoting Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir.1997)); *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir.1997) (holding that *Rooker-Feldman* doctrine applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court"). More recently, the Supreme Court reiterated that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Accordingly, as Plaintiff is clearly seeking to invalidate prior state court judgments, the court lacks subject matter jurisdiction.

To the extent, Plaintiff is attempting to raise a claim in regard to her post-conviction relief ("PCR") action (ECF No. 15 at 6), the court notes that this claim was not raised in her Amended Complaint (ECF No. 6). Moreover, Plaintiff's allegation that she filed for PCR on December 4, 2017, and that the State has failed to respond does not state a claim. "[U]ndue delay in processing an appeal may rise to the level of a due process violation." *United States v. Johnson*, 732 F.2d 379, 381 (4th Cir.1984). However, "[g]enerally, courts find an inordinate delay only when long periods of time have passed." *Eilola v. Terry*, C.A. No. 2:16-11572, 2017 WL 2805503, at *11 (S.D. W.Va. June 6, 2017) (citations omitted) (collecting cases), R&R adopted by 2017 WL 2802867 (S.D. W.

3

Va. June 28, 2017) (finding three year and three month pendency of direct appeal was not inordinate).  At this time, any delay in Plaintiff's PCR proceeding does not approach that required for a finding of an inordinate delay.

Accordingly, the court adopts the Report and **DISMISSES** Plaintiff's complaint without prejudice and without issuance and service of process.[3]

**IT IS SO ORDERED**.

s/Timothy M. Cain<br>United States District Judge

September 13, 2018
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (holding that"dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (alteration in original) (citation omitted) ).

4